UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR BATSON,

    Plaintiff,

v.

Case No. 17-12214

Hon. John Corbett O'Meara

GENESEE COUNTY SHERIFF'S
DEPUTY HOOVER, *et al.*,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

Before the court is Defendants' motion for a more definite statement, which has been fully briefed. Plaintiff filed a civil rights complaint against Genesee County and eighty-four individual employees of the county jail. Plaintiff alleges that jail employees denied him epilepsy medication and medical treatment while he was incarcerated. Plaintiff also alleges that he was beaten and abused by Genesee County sheriff's deputies. Other than Defendant Deputy Hoover, however, Plaintiff does not identify which defendants are responsible for the alleged violations of his rights.

Defendants seek a more definite statement pursuant to Fed. R. Civ. P. 12(e). Plaintiff contends that he has thus far been unsuccessful in obtaining information

from Defendants regarding the parties responsible.

Pursuant to Federal Rule of Civil Procedure 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." In light of federal notice pleading standards and the opportunity for extensive pretrial discovery, motions for a more definite statement are generally disfavored. See Flagstar Bank, FSB v. Gulfstream Business Bank, Inc., 2013 WL 6017977 at *8 (E.D. Mich. Nov. 13, 2013); E.E.O.C. v. FPM Group, Ltd., 657 F.Supp. 2d 957, 966 (E.D. Tenn. 2009). "A motion under Rule 12(e) should not be granted unless the complaint is 'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" Id. (citation omitted). In other words, if the complaint meets the notice pleading requirements of Federal Rule of Civil Procedure 8, the court should deny the motion for a more definite statement.[1] Id.

To the extent Plaintiff's complaint does not identify the Defendants

---

[1] Contrary to Defendants' argument, a civil rights complaint is not subjected to a heightened pleading standard. See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) ("We think that is impossible to square the 'heightened pleading standard' applied by the Fifth Circuit in this case with the liberal system of 'notice pleading' set up by the Federal Rules."); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

responsible for violating his rights, it does not comply with the requirements of Rule 8. The court will permit Plaintiff to engage in discovery in order to determine the identities of the appropriate Defendants, however. Plaintiff may then file an amended complaint.

IT IS HEREBY ORDERED that Defendants' motion for a more definite statement is GRANTED. Plaintiff shall file an amended complaint by **December 18, 2017.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: October 19, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 19, 2017, using the ECF system.

                                                s/William Barkholz
                                                Case Manager