UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR BATSON,

    Plaintiff,                                        No. 17-12214

v.                                                  District Judge John Corbett O'Meara
                                                     Magistrate Judge R. Steven Whalen

GENESEE COUNTY SHERIFF'S
DEPUTY HOOVER, ET AL.,

    Defendant.
_____/

**OPINION AND ORDER**

        Before the Court is Defendants' Motion to Amend Answer to Allege Affirmative Defense of Failure to Exhaust Remedies Required by the PLRA [Doc. #24]. For the reasons discussed below, the motion will be DENIED.

        In his complaint, Plaintiff alleges violations of his federal constitutional rights, as well as claims under Michigan law, arising out of his incarceration in the Genesee County Jail "on or about June, 2014." *Complaint* [Doc. #1], ¶ 10. He alleges that he arrived at the Genesee County Jail on or about June 3, 2014, and was released on July 14, 2014. *Id*. ¶¶ 11, 45.

        In this motion, Defendants seek to amend their answer to raise the affirmative defense of Plaintiff's failure to exhaust his administrative remedies before filing suit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Under that section, "[n]o action shall be brought with respect to prison conditions under § 1983...*by a prisoner confined in any jail, prison, or other correctional facility* until such administrative remedies as are available are exhausted." (Emphasis added). This

exhaustion requirement does not apply to *former* prisoners, such as Plaintiff, who file their civil cases after they have been released. In *Mabry v. Freeman*, 489 F.Supp.2d 782, 785 (E.D.Mich. 2007), the Court stated:

> "While the Sixth Circuit has not specifically decided this issue, every federal court of appeals that has addressed this issue has held that the PLRA's exhaustion requirement does not apply to suits brought by former inmates. *See Michau v. Charleston County,* 434 F.3d 725, 727 (4th Cir.2006) (holding that the PLRA's exhaustion requirement does not apply to a plaintiff who is not a prisoner as defined in the Act when the suit is filed); *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir.2005) (same); *Norton v. City of Marietta,* 432 F.3d 1145, 1150 (10th Cir.2005) (finding that a former inmate does not have to satisfy the PLRA's exhaustion requirement before bringing suit); *Ahmed v. Dragovich,* 297 F.3d 201, 210 (3d Cir.2002) (same); *Janes v. Hernandez,* 215 F.3d 541, 543 (5th Cir.2000) (same); *Page v. Torrey,* 201 F.3d 1136, 1140 (9th Cir.2000) (same); *Harris v. Garner,* 216 F.3d 970, 979-80 (11th Cir.2000) (determining PLRA not applicable to complaints filed by former prisoners for complaints regarding prison conditions prior to release); *Greig v. Goord,* 169 F.3d 165, 167 (2d Cir.1999) (holding that 'litigants ... who file prison condition actions after release from confinement are no longer prisoners for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision'); *Kerr v. Puckett,* 138 F.3d 321, 323 (7th Cir.1998) (finding person who has been released from prison is not a prisoner under the PLRA)."

In *Rose v. Saginaw County*, 232 F.R.D. 267, 277 (E.D.Mich. 2005), the Court held:

> "This Court is convinced that the plain language of section 1997e(a) compels the conclusion that its requirements apply to prisoners who are confined when they file their lawsuits, and not to former inmates who bring actions after their release from custody. That construction of the statute is consistent with the purposes and goals of the Act and tracks the legislative history."

*Rose* observed that the opposing view was clearly a minority position. I agree. Based on the great weight of authority, as well as the clear language of § 1997e(a), this Plaintiff, who filed his lawsuit on July 6, 2017, well after he was released from the jail, was not required to first exhaust his administrative remedies.

To permit these Defendants to amend their answer to raise the affirmative defense

of non-exhaustion would therefore be futile. Accordingly, their motion [Doc. #24] is DENIED.

IT IS SO ORDERED.

Dated: June 14, 2018                        s/R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify on June 14, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on June 14, 2018.

                                            s/Carolyn M. Ciesla
                                            Case Manager for the
                                            Honorable R. Steven Whalen